UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Charlene Snyder,<br><br>                Plaintiff,<br>vs.<br><br>PO Paloska,<br><br>                Defendant. | Case No. 2:24-cv-02302-GMN-MDC<br><br>**ORDER GRANTING PLAINTIFF'S IFP APPLICATION (ECF NO. 1) AND SCREENING PLAINTIFF'S COMPLAINT (ECF NO. 1-1)** |

Pro se plaintiff Charlene Snyder filed an *Application to Proceed In Forma Pauperis* ("IFP") and a proposed complaint. ECF Nos. 1 and 1-1. The Court grants plaintiff's IFP Application. *ECF No. 1*. The Court dismisses her complaint without prejudice, and with leave to refile. *ECF No. 1-1*.

**I.  WHETHER PLAINTIFF MAY PROCEED IN FORMA PAUPERIS**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the

average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Plaintiff is incarcerated. Plaintiff submitted the prisoner IFP application, a copy of declaration and the financial certificate, the financial certificate is signed by the appropriate official, and a certified copy of the trust fund account statement. *ECF No. 1*. The authorized officer who filled out the financial certificate calculated that her initial filing fee should be $7.38. *Id. at 4.* Since plaintiff's calculated filing fee is less than $10, the Court will waive the initial filing fee at this time. Plaintiff will remain obligated going forward to pay the full filing fee in installments any month that her account exceeds $10. The Court grants plaintiff's IFP application.

## II. WHETHER PLAINTIFF'S COMPLAINT STATES A PLAUSIBLE CLAIM

### A. Legal standard

The Court reviews plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Complaint**

Plaintiff brings claims for violation of her civil rights. *ECF No. 1-1 at 3*. She alleges that "PO Paloska" and a partner came to her house and did a random search. *Id. at 2*. The Court assumes that PO stands for parole or probation officer and that plaintiff was on either parole or probation at the time, (though she does not explicitly state whether she was on parole or probation). The sole defendant in this case is "PO Paloska." *Id. at 1*. She alleges that during the search the officers broke her computer in four pieces and detained her during the search. *Id*. She alleges they then took her to jail after the search. *Id*. She alleges that when the officers both detained her and broke her belongings, they violated her civil rights. *Id. at 3*. She asks the Court to order that she be paid for her broken computer and be compensated for her emotional distress. *Id. at 6*.

  a. **Plaintiff's Potential Civil Rights Claims**

Plaintiff states broadly that PO Paloska violated her civil rights. It is unclear if PO Paloska is a federal officer. Construing her complaint liberally, assuming PO Paloska is a federal officer, she appears to be bringing claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of*

3

*Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). Bivens actions are judicially created equivalents to § 1983 actions allowing a plaintiff to sue a federal officer for civil rights violations under color of federal law. *See, e.g.*, *Carlson v. Green*, 446 U.S. 14, 18, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980); *Hartman v. Moore*, 547 U.S. 250, 254, 255 n.2, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006) (describing a suit brought under Bivens as the "federal analog" to § 1983).

Alternatively, if the officer is not a federal officer, plaintiff could bring claims under 42 U.S.C. § 1983 and 42 U.S.C. § 12101. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

Plaintiff brings these claims against PO Paloska, the sole defendant, who is presumably a parole or probation officer. Immunity extends to all persons whose functions are closely associated with the judicial process. *See e.g., Burns v. Reed*, 500 U.S. 478, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991). Probation officers serve a function integral to the judicial process, and as such, are entitled to quasi-judicial immunity. *Burkes v. Callion*, 433 F.2d 318, 319 (9th Cir. 1970), see also *Demoran v. Witt*, 781 F.2d 155 (9th Cir. 1985) (absolute immunity for probation officers). Quasi-judicial immunity has also been afforded to police and other court officers for purely ministerial acts. *See Coverdell v. Dep't of Social and Health Services*, 834 F.2d 758 (9th Cir. 1987) (absolute immunity for the execution of a facially valid court order).

Plaintiff seeks damages against PO Paloska for detaining her and damaging her property, but she also states that defendant took her to jail afterwards. Construing her complaint liberally, it appears that PO Paloska executed his officer duties and is likely entitled to quasi-judicial immunity. See *Reyes v. U.S. Dist. Court for the W. Dist. of Washington*, No. CV 08-005159, 2008 U.S. Dist. LEXIS 65788, 2008 WL

4103973, at *3 (W.D. Wash. Aug. 20, 2008) ("As actions under section 1983 and Bivens are identical except for replacement of the state for federal actor, a probation officer is similarly entitled to immunity in a *Bivens* action."). If plaintiff amends, she should provide additional facts to identify the defendant and must specify whether the defendant is a state or federal officer.

### b. Plaintiff's Potential Fourth Amendment Claim

Plaintiff conclusively states that she was wrongfully detained and the defendant broke her computer. The Fourth Amendment governs the reasonableness of government searches and seizures. *See* U.S. Const., amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . but upon probable cause ..."). It is not clear if plaintiff was on parole or probation. The Court notes that plaintiff must clarify this if she amends. Plaintiff must also clarify whether she accepted a condition of release that allows for a suspicionless searches of her residence In *Samson v. California*, the United States Supreme Court held that a similar condition for a parolee did not violate the Fourth Amendment, but the Supreme Court also found that a probationer has a greater right to privacy than a parolee. *See Samson v. California*, 547 U.S. 843, 850, 126 S. Ct. 2193, 165 L. Ed. 2d 250 (2006). The Ninth Circuit addressed the issue of this probation condition in *United States v. King*, 736 F.3d 805 (9th Cir. 2013) but expressly limited their holding to probationers who had been convicted of a violent felony. The Ninth Circuit held that "a suspicionless search, conducted pursuant to a suspicionless-search condition of a violent felon's probation agreement, does not violate the Fourth Amendment." *Id.* at 810. Plaintiff fails to allege whether she had been convicted of a violent or non-violent crime and thus, at this stage of the proceedings, the Court cannot find that plaintiff has stated a Fourth Amendment claim.

Regarding whether the officer can be liable for property damage, Courts recognize that officers occasionally must damage property during a search to perform their duty, so long as the damage is not

"unnecessarily destructive." *See Pac. Marine Ctr., Inc. v. Silva*, 809 F. Supp. 2d 1266, 1282 (E.D. Cal. 2011), aff'd, 553 F. App'x 671 (9th Cir. 2014)(The court held that damage to the surveillance system was not unnecessarily destructive given the scope of the search, which included the seizure of computer systems) (citation omitted). The plaintiff has not stated enough facts regarding the damage to her computer to meet this high standard. The Court cannot find that plaintiff has stated a claim for unnecessary destruction of property.

### c. Plaintiff Has Not Adequately Pled Facts Supporting Any Claim

Plaintiff's complaint is bare bones and sparse on details, and the Court finds that she has also not plead enough facts to support a claim against the defendant. Plaintiff has failed to allege why she was taken to jail and whether she has been convicted and has exhausted her appeals. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been" previously invalidated. *Id.* Although *Heck* involved a claim under 42 U.S.C. § 1983, and plaintiff may want to bring a *Bivens* action if the officer is federal, the Ninth Circuit has stated that "[a]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). Plaintiff has not discussed whether she has been convicted or shown that her sentence has been invalidated. Plaintiff's complaint may be properly dismissed on this basis as well. *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) ("[B]ecause a judgment in favor of [the plaintiff] would necessarily imply the invalidity of his sentence, and because [the plaintiff] did not show that his

sentence has been invalidated, the district court properly dismissed this action.").

### C. Conclusion

Plaintiff has not articulated any plausible claims. It is possible that these deficiencies may be cured through amendment. Plaintiff's complaint is dismissed without prejudice. Plaintiff must file an amended complaint explaining the circumstances of the case, the relief plaintiff seeks, and the law upon which she relies in bringing the case. The amended complaint must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading. LR 15-1(a).

**IT IS SO ORDERED:**

1. Plaintiff Charlene Snyder's *Application To Proceed In Forma Pauperis* (ECF No. 1) is GRANTED.
2. Plaintiff's complaint (ECF No. 1-1) is DISMISSED without prejudice with leave to amend, as discussed in this Order.
3. That plaintiff has until **July 21, 2025**, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.
4. The Clerk of the Court is directed NOT to issue summons if plaintiff files an amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).
5. The Clerk of the Court SHALL send a copy of this Order to the Finance Division of the Clerk's Office and to the **Florence McClure Women's Correctional Center Accounting Supervisor at 4370 Smiley Road, Las Vegas, Nevada 89115.**

6. Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, beginning **July 22, 2025**, the **Florence McClure Women's Correctional Center** must forward payments from the account of **Charlene Snyder (95150)** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

7. If plaintiff is transferred, the Accounting Supervisor at **Florence McClure Women's Correctional Center** is directed to send a copy of this Order to the new place of incarceration and indicate the amount that plaintiff has paid towards her filing fee so that funds may continue to be deducted from her account.

IT IS SO ORDERED.

DATE: June 20, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.

*Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**